IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CREIGHTON R. GOLDENSOPH
and DIANE R. GOLDENSOPH,

                          Plaintiffs,

    v.

FIFTH THIRD BANK,

                          Defendant.

OPINION AND ORDER

15-cv-100-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Creighton R. Goldensoph and Diane R. Goldensoph filed this lawsuit in the Circuit Court for Dane County. In their original complaint, plaintiffs contended that F.S. Mediation Group violated their rights under the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, and that both F.S. Mediation Group and that defendant Fifth Third Bank violated a Wisconsin consumer protection law, Wis. Stat. § 427.104. Defendant Fifth Third Bank removed the case on the basis of federal question jurisdiction under 28 U.S.C. § 1331. A few weeks later, before either defendant filed an answer, plaintiffs filed a notice of voluntary dismissal of their claims against F.S. Mediation Group, leaving plaintiffs with only their state law claim against defendant Fifth Third Bank. Dkt. #6. Plaintiffs also moved to remand the case to the Circuit Court for Dane County. Dkt. #7. Because there are no remaining federal questions, plaintiffs' motion for remand will be granted.

1

OPINION

Plaintiffs first argue that this court lacks jurisdiction because defendant's removal under 28 U.S.C. § 1441 was improper. Plaintiffs say that because they had not asserted a federal claim against defendant Fifth Third Bank, it had no right to remove the case to federal court. E.g., Shepp v. Columbia College Chicago, No. 06-C-1069, 2006 WL 1156387, at *2 (N.D. Ill. April 27, 2006) (when removing defendant "is not subject to any federal claims[, it] ha[s] no right to initiate removal proceedings."); Regalado v. City of Chicago, 946 F. Supp. 560, 563 (N.D. Ill. 1996) ("[T]he absence of any stake whatever on [the removing defendant's] part in having the purely state law claims against it adjudicated in a federal forum leads this Court to conclude that the reference in Section 1441(a) to 'removal by the defendant or the defendants' does not embrace a removal in this case by the [removing defendant] alone.").

Ordinarily, "[b]ecause it implicates federal jurisdiction," the first question I would address is "the propriety of removal . . . . " Boyd v. Phoenix Funding Corp., 366 F.3d 524, 529 (7th Cir. 2004). However, in this case, it is clear that even if removal was proper, the case should be remanded to state court. All that remains is a state law claim; the court has jurisdiction over this claim only by exercising supplemental jurisdiction, which is a "doctrine of discretion." Wright v. Associated Insurance Companies Inc., 29 F.3d 1244, 1251 (7th Cir. 1994). "[A] district court should consider and weigh the factors of judicial economy, convenience, fairness and comity in deciding whether to exercise jurisdiction over pendent state-law claims." Id. Under most circumstances, if "all federal claims are dismissed before

trial, the balance of these factors will point to declining to exercise jurisdiction . . . . ” Id. See also Sharps Electronics Corp v. Metro. Life Insurance Co., 578 F.3d 505, 514 (7th Cir. 2009) (same); Leister v. Dovetail, Inc., 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."). This case is in its early stages. Although defendant argues that the case's lack of merit is clear because it may be disposed of on defendant's statute of limitations argument, it concedes that this argument requires evidence outside the pleadings that must be presented in a motion for summary judgment. I see no reason why this court should expend resources ruling on such a motion in a case involving no federal law claims and nondiverse parties.

Accordingly, the case will be remanded to state court.

ORDER

IT IS ORDERED that the motion filed by plaintiffs Creighton R. Goldensoph and Diane R. Goldensoph to remand this case to state court, dkt. #7, is GRANTED. This case is REMANDED to the Circuit Court for Dane County, Wisconsin. The clerk of court is directed to return the record to the state court.

Entered this 11th day of June, 2015.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge

3